# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

AMERICAN GENERAL LIFE
INSURANCE COMPANY

**CIVIL ACTION**

**VERSUS**

**NO. 16-851-JWD-RLB**

NICHOLAS RUSSELL, ET AL.


## RULING AND ORDER

This matter comes before the Court on *American General Life Insurance Company's*
("AGLIC") *Motion for Discharge* (Doc. 33) and the *Motion to Strike AGLIC's Redacted Invoices*
*(Doc. 44), Requiring Compliance with this Court's Orders (Docs. 31 & 43) and Local Rule*
*54(B)* ("Motion to Strike") (Doc. 45) filed by Defendants Nicholas Russel and Michele
DiBenedetto ("the Children"). These motions have been briefed extensively. (Docs. 38, 39, 47,
48, 52.) Oral argument is not necessary. The Court has carefully considered the law, the facts in
the record, and the arguments and submissions of the parties and is prepared to rule. For the
following reasons, the Motion for Discharge is granted in part and denied in part, and the Motion
to Strike is denied as moot.

AGLIC seeks three categories of relief: (1) discharge; (2) protective relief related to the
discharge; and (3) attorney's fees. Concerning the first, the Court grants AGLIC discharge *from*
*the interpleader action*. With respect to AGLIC's request for protective relief, the Court denies
the request for discharge from all liability to Defendants; however, the Court permanently
enjoins Defendants from initiating any future action against AGLIC *insofar as the interpled*
*funds are concerned* and excuses AGLIC from further discovery and prosecution of this action,
*except as otherwise ordered by this Court*. Lastly, the Court denies AGLIC's request for

reimbursement of its attorney's fees and costs in the amount of $51,256.14 and denies AGLIC's request to deduct fees from the annuity benefit prior to its distribution. Instead, the Court grants AGLIC $3,750.00 in reasonable attorney's fees, to be awarded once the merits of this action have been resolved and the Court has determined who the losing claimant is.

## I.      Discharge

AGLIC first asks to be discharged with prejudice from this action. (Doc. 33-1 at 10.) As neither Defendant has objected to this portion of AGLIC's requested relief (Docs 38 at 1, 39 at 1), and the statutory requirements of 28 U.S.C. § 1335 have now been met (Doc. 32), AGLIC's request for discharge is appropriate and within the Court's "broad powers [] in an interpleader action." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). Accordingly, the Court hereby grants AGLIC's first requested relief and discharges it with prejudice *from the interpleader action*.

## II.     Protective Relief

In connection with its discharge, AGLIC further asks this Court to enjoin the defendants "from filing any action . . . related to the annuity benefit at issue," to excuse it from further discovery, and for an order discharging it "from all liability to any defendant named herein." (Doc. 33-1 at 10.)

"Although interpleader may entitle a party to certain limited relief, it does not entitle a party to an order 'both enjoining prosecution of suits against [the stake] outside the confines of the interpleader proceeding and also extending such protection to its insured, the alleged tortfeasor.'" *Nat'l Specialty Ins. Co. v. Knoten*, 2010 WL 1267827, at *1 (E.D. La. Mar. 24, 2010) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)). *See also*, *Wasserman v. Fid. & Deposit Co. of Maryland*, 490 F. Supp. 564, 567 (S.D.N.Y. 1979)

(declining to enjoin claims based on negligence and breach of fiduciary duty that were independent of the claims to the fund deposited); *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) ("interpleader does not shield the stakeholder from tort liability, nor from liability in excess of the stake."); *Jackson Nat'l Life Ins. Co. v. Dobbins*, 2016 WL 4268770, at *2 (N.D. Tex. Aug. 15, 2016) ("The discharge of liability the interpleader receives is defined by the scope of the funds interpleaded.").

The Court is, therefore, without the authority to grant the full scope of relief sought by AGLIC. Accordingly, AGLIC's request for discharge of liability is denied. The Court will, however, grant AGLIC injunctive relief *insofar as the interpled funds are concerned*, and excuse it from further discovery and prosecution of this action, *except as otherwise ordered by this Court*.

## III.     Attorney's Fees

Under Fifth Circuit precedent "modern federal courts retain discretion to award attorney's fees and costs to the stakeholder in an interpleader action, whenever it is fair and equitable to do so." *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 206 (E.D. Tex. 1999). *See also*, *Corrigan Dispatch Co. v. Casa Guzman*, 696 F.2d 359, 364 (5th Cir. 1983); *Rhoades*, 196 F.3d at 603. Such awards are not, however, automatic. *Gen. Elec. Capital Assur. v. Van Norman*, 209 F. Supp. 2d 668, 672 (S.D. Tex. 2002) (citing *Gulf Oil Corp. v. Olivier*, 412 F.2d 938 (5th Cir. 1969)). When a court finds an award of fees appropriate, the amount is generally modest because "all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." 7 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1719 (3d ed.).

When granting attorney's fees in an interpleader action, courts weigh the following factors to determine the proper amount: (1) the complexity of the case; (2) whether the plaintiff performed unique services for the claimants or the court; (3) whether the plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the plaintiff; and (5) whether the claimants improperly protracted the proceedings. *See* Wright, *Federal Practice and Procedure* § 1719; *New York Life Ins. & Annuity Corp. v. Cannatella*, 550 F. App'x. 211, 217 (5th Cir. 2013) (unpublished); *Amica Life Ins. Co. v. White*, 2010 WL 2682394, at *2 (M.D. La. July 2, 2010). Applying these factors to the instant matter, the Court finds they do not support the $51,256.14 fee award requested by AGLIC.

Concerning the first factor, complexity of the case, while AGLIC claims to be unfamiliar with the specific requirements of a Power of Attorney form under the Louisiana Civil Code (Doc. 33-1 at 3), "the underlying interpleader action is a mundane exercise for an insurance company writing life insurance policies." *First Colony Ins. Co. v. Kreppein*, 2007 WL 1832133, at *1 (E.D. La. June 25, 2007). Thus, this factor weighs against a larger award.

Regarding the second factor, no unique services were performed for the Court or claimants. For example, in *EXCO Operating Co., LP v. Arnold*, the stakeholder, remained in the case past the initial pleadings to assist the Special Master "in the preparation of an interest and distribution spreadsheet." 2014 U.S. Dist. LEXIS 131873, at *7 (W.D. La. July 3, 2014). However, even with this additional work, the magistrate judge found EXCO's $48,990.76 fee request excessive and cut nearly $40,000 from the final award. *Id.* at 8–11.

Moving to the third factor, AGLIC has not acted with diligence or in good faith. AGLIC initiated this action on December 15, 2016. (Doc. 1.) Defendants had each been served, retained counsel, and filed a response by February 21, 2017 (Docs. 6, 7, 10, 11, 12), at which point

AGLIC could have sought discharge in this matter. However, AGLIC's first motion for discharge was not filed until April 5, 2017 (Doc. 170), and included no documentation supporting the requested $20,184.50 in fees. Additionally, AGLIC incorrectly argued that it was not required to deposit the annuity funds or post a bond with the Court, so the jurisdictional requirements of 28 U.S.C. § 1335 (under which this action was brought) were not met until November 17, 2017. (Doc. 32.) Moreover, invoices supporting AGLIC's requested fees were not received until January 4, 2018 (Doc. 44), which the Court notes are heavily redacted and not in compliance with Local Rule 54(b), despite multiple express reminders to do so. (Docs 31 at 3, 43 at 1.) Furthermore, despite counsel's assertion that they have not included time entries that occurred prior to filing the interpleader action (Doc. 44-1 at 1 ¶ 2), the Court can only arrive at the $51,256.14 total AGLIC has requested by including the full amounts listed on each submitted invoice – totals that appear to still include pre-filing time entries. (*See, e.g.*, Doc. 44 at 1–10.) These facts all demonstrate a lack of diligence and, likely, good faith.

Turning to the fourth factor, benefit to the plaintiff, a review of the non-redacted portion of AGLIC's invoices shows, as best the Court can determine, a total of 143 hours billed (Doc. 44), with matters typically eligible for reimbursement – preparing the petition, posting of a bond, service on the claimants, and preparation of a discharge motion – accounting for, at most, 23.10 hours. The remaining hours were spent on a multitude of other items that would have been unnecessary if AGLIC had timely posted the bond and submitted timesheets in compliance with Local Rule 54(b) as requested by the Children in February 2017. (Doc. 19.)

Lastly, under the fifth factor, the Court finds that neither Defendant has improperly protracted these proceedings. While the Children have opposed AGLIC's discharge, the Court

does not find the basis for their opposition – nonpayment of bond and lack of documentation supporting AGLIC's requested fees – to be unreasonable or improper.

Additionally, as argued by the Children (Doc. 39 at 6–7), it is important to note that some jurisdictions have found it inappropriate to award attorney's fees to insurance companies in interpleader actions. These cases reason that beneficiaries should not bear the "ordinary costs of the plaintiff in transacting its business." *Fid. & Deposit Co. of Md. v. A to Z Equip. Corp.*, 258 F. Supp. 862, 863 (E.D.N.Y. 1966). *See also*, *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001) (recovery of attorney's fees inappropriate "because insurance companies, by definition, are interested stakeholders; filing the interpleader action immunizes the company from further liability under the contested policy."); *Life Inv'rs Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002) ("Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award."); *Banner Life Ins. Co. v. U.S. Bank, NA*, 931 F. Supp. 2d 629 (D. Del. 2013) (Awarding attorney fees to insurance companies in interpleader actions shifts the insurer's ordinary business expenses to the claimants, which is generally not appropriate); *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310 (S.D.N.Y. 2014) (Insurer not entitled to fees when it did not identify any unique expenses incurred in connection with its interpleader action, nor any other special circumstances that would justify an award) (all internal citations omitted).

While this reasoning was previously adopted by this district in *Life Ins. Co. of N. Am. v. Nava*, 667 F. Supp. 279, 280–81 (M.D. La. 1987), the Court will not take such a strict approach here. The Court will, however, follow "the broad rule that an award must be reasonable." *Noeller*, 190 F.R.D. at 207 (citing *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 468

(5th Cir. 1971)). Accordingly, in determining a reasonable fee award, the Court will employ the interpleader-specific five factors analyzed above and Fifth Circuit precedent. *See*, *Phillips Petroleum Co. v. Hazlewood*, 534 F.2d 61, 63 (5th Cir. 1976) (recognizing that "the award of attorney's fees is within the discretion of the court"); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (instructing district courts to "exclude all time that is excessive, duplicative, or inadequately documented.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983)); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (hourly rate should be adjusted to match "the community in which the district court sits.") (internal quotation omitted); *Davis v. Bd. Of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976) (recognizing that "the district court is itself an expert in assessing these matters.").

As previously discussed, from what the Court is able to discern, counsel for AGLIC spent at most 23.10 hours bringing this action, serving the defendants, posting the bond, and seeking discharge. (Doc. 44.) The Court "finds [this] to be an overly inflated amount that does not properly reflect the simplicity of this issue." *Amica Life*, 2010 WL 2682394 at *3. Further, the fees associated for this work total $7,019.10, corresponding to an average hourly rate of $303.86. The Court finds this rate to be "unreasonable considering the prevailing rate in the forum community, the Middle District of Louisiana." *Id.*

After careful consideration of the issues presented in this interpleader, the considerable experience of AGLIC's counsel, and the Court's own familiarity with the legal market in this locality, the Court finds that 15 billable hours at a rate of $250 per hour is appropriate and reasonable. *See* Appendix (describing compensated amounts); *Amica Life*, 2010 WL 2682394 at *3 (using, in 2010, a single rate of $150 per hour for all plaintiff's counsel, which included "a well respected, experienced member of the Louisiana bar"). Accordingly, AGLIC's request for

$52,256.14 is denied. The Court will, however, award AGLIC attorney's fees in the reasonable amount of $3,750.00.

Finally, each Defendant has previously asked the Court to find this interpleader action necessary only because of their opponent's actions. (Docs 20 at 3, 21-2 at 3, 39 at 7.) The Children have further asked the Court to delay any fee award until a decision on the merits has been reached. (Docs 21-3 at 5, 39 at 7.)

As all parties have noted, fee awards are solely within the Court's discretion. (Docs 38 at 1, 39 at 2, 47 at 4.) "In the normal case, these will be taxed against the losing claimant, although the costs and fees have been divided in some cases." Wright, *Federal Practice and Procedure* § 1719. *See also*, *Prudential Ins. Co. of Am. v. Cooper*, 666 F. Supp. 190, 193 (D. Idaho 1987), *aff'd*, 859 F.2d 154 (9th Cir. 1988) (Insurer in interpleader action not entitled to attorney fees out of policy proceeds awarded to the primary beneficiary, when the fees were primarily due to actions of the secondary beneficiary, because "it would [not] be equitable in this case to lessen the amount of proceeds to be awarded."). The Court finds these arguments compelling and will therefore deny AGLIC's request to deduct the awarded fees from the interpled fund (Doc. 33-1 at 10 ¶ (d)). The Court will delay any determination regarding the allocation of AGLIC's fees until the merits of this action have been resolved.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that:

(1) AGLIC's request for discharge is **GRANTED**;

(2) AGLIC's request for discharge from all liability to the Defendants is **DENIED**;

(3) Defendants are **PERMINANTELY ENJOINED** from initiating any future action against AGLIC *insofar as the interpled funds are concerned*;

(4) AGLIC's request for exclusion from discovery and prosecution of this action, *except by Order of this Court so instructing AGLIC to participate*, is **GRANTED**;

(5) AGLIC's requests for reimbursement of its attorney's fees and costs in the amount of $51,256.14, and to deduct fees from the annuity benefit prior to its distribution are **DENIED**;

(6) AGLIC is awarded $3,375 in reasonable attorney's fees, to be allocated once the merits of this action have been resolved and the Court has determined the losing claimant.

IT IS FURTHER ORDERED, in light of the above decision on AGLIC's fee request, that the *Motion to Strike* (Doc. 45) filed by Defendants Nicholas Russel and Michele DiBenedetto is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 2, 2018.


_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

# APPENDIX[1]

| Non-Redacted Recoverable Fees | | | |
|---|---|---|---|
| *Date of Service* | *Description* | *Attorney Hours* | *Amount at Revised Rate* |
| November 15, 2016 | Prepare Complaint & Corporate Disclosures | 2.10 | $525.00 |
| November 29, 2016 | Amend Complaint | 1.00 | $250.00 |
| December 14, 2016 | Finalize Complaint & Prepare Email re: Documents to be Filed | 1.20 | $300.00 |
| December 15, 2016 | Review & Reply to Emails re: Complaint Filing & Service on Defendants | 0.50 | $125.00 |
| December 15, 2016 | Review Complaint to Verify Compliance with Louisiana Law | 0.70 | $175.00 |
| December 15, 2016 | Draft Cover Sheet & Summons Request | 0.60 | $150.00 |
| December 23, 2016 | Prepare Waiver of Service Notice | 1.10 | $275.00 |
| January 11, 2017 | Discuss Potential Waiver of Service with Defense Counsel | 0.30 | $75.00 |
| January 17, 2017 | Review Emails re: Service on Defendants | 0.20 | $50.00 |
| January 17, 2017 | Review & File Waiver of Service for Franklin | 0.40 | $100.00 |
| January 18, 2017 | Review & File Service Return for DiBenedetto | 0.40 | $100.00 |
| February 14, 2017 | Review Contact Information and Draft Service Documents for Russell | 0.70 | $175.00 |
| April 4, 2017 | Draft Motion for Discharge | 1.80 | $450.00 |
| April 5, 2018 | Revise Motion for Discharge | 2.00 | $500.00 |
| April 5, 2018 | Revise & File Motion for Discharge | 0.60 | $150.00 |
| November 15, 2017 | Prepare Bond Pleading | 1.20 | $300.00 |
| November 17, 2017 | Prepare & File Notice of Bond Posting | 0.20 | $50.00 |
| | **Total** | 15.00 | $3,750.00 |

---

[1] The data herein is a summary of the non-redacted entries contained in the AGLIC submitted invoices which reflect recompensable work. (Doc 44.) It is presented to show the parties how the Court calculated AGLIC's fee award.